IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-01454-RM-NRN

SUSAN AUER,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

    Before the Court is Defendant's Motion for Summary Judgment (ECF No. 26), which seeks dismissal of Plaintiff's insurance claims on statute of limitations grounds. The Motion has been fully briefed (ECF Nos. 29, 34) and is granted for the reasons below.

**I.    BACKGROUND**

    Plaintiff was injured in an auto accident on October 28, 2016. (ECF No. 33-1, ¶ 1.) With the permission of her insurer, Defendant, she settled her claim against the at-fault driver for his policy limits of $100,000 and received the settlement funds in July 2019. (*Id.* at ¶¶ 4-8.) On July 3, 2019, she submitted a letter to Defendant, demanding underinsured motorist ("UIM") benefits of the policy limits of her policy, $250,000. (*Id.* at ¶ 9.) Defendant requested and received additional information from Plaintiff, including an independent medical exam report. (*Id.* at ¶¶ 11-13.) Defendant's claim specialist and Plaintiff's counsel discussed the matter on November 4, 2019. (*Id.* at ¶ 14.) According to Plaintiff, the upshot of this discussion was that

Plaintiff agreed to supply more information. According to Defendant, the upshot was that Defendant declared that Plaintiff had been adequately compensated by her settlement with at-fault driver's insurer.

About seven months afterward, on June 18, 2020, Plaintiff sent Defendant an additional letter, this time reducing Plaintiff's demand to $195,000. (ECF No. 22-6.) The following month, Defendant sent Plaintiff one letter acknowledging receipt of the June 18 letter and additional documentation (ECF No. 29-3) and another stating that Defendant believed Plaintiff had already been fully compensated but also that any additional information she presented would be reviewed (ECF No. 22-4).

Plaintiff filed her Complaint in state court on March 9, 2022, asserting claims for breach of contract, bad faith, and unreasonable delay and initially naming in the caption Allstate Insurance Company as the defendant. After Plaintiff amended the Complaint to name Defendant, it removed the case to this Court. Defendant then moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### III.     ANALYSIS

#### A.     Breach of Contract Claim

Defendant first contends it is entitled to summary judgment on Plaintiff's breach of contract claim, citing Colo. Rev. Stat. § 13-80-107.5(2)(b). That statute provides that while underinsured motorist claims are generally subject to a three-year statute of limitations, as pertinent here, a two-year period applies if the underlying bodily injury claim against the underinsured motorist is preserved by payment of the liability claim settlement within applicable time limits. *See id.*; *see also Wilkins v. Am. Family Mut. Ins. Co., SI*, 603 F. Supp. 3d 1022, 1026 (D. Colo. 2022); *Trigg v. State Farm Mut. Auto. Ins. Co.*, 129 P.3d 1099, 1101 (Colo. App. 2005). According to Defendant, this means Plaintiff's breach of contract claim expired in July 2021, two years after she accepted the settlement funds from the at-fault driver's insurer. In

her Response, Plaintiff does not refute this analysis. Instead, she asks the Court to apply equitable tolling to preserve her contractual claim.

"Equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Wilkins*, 603 F. Supp. 3d at 1028 (quotation and brackets omitted). Plaintiff does not contend that Defendant wrongfully impeded her ability to bring her breach of contract claim; rather, she asserts that "[t]he extraordinary circumstances that prevented the timely filing of the contract claim were the bizarre circumstances and quarantines in effect at the time. Combined with counsel's debilitating medical condition, the Covid pandemic presents a compelling reason to permit filing of the contractual claim." (ECF No. 29, ¶ 12.) Though the Response does not explicitly say so, this assertion appears to rely on an attached affidavit by Edward S. Waitkus. (ECF No. 29-4.) According to the affidavit, Mr. Waitkus is an attorney who represented Plaintiff and negotiated the settlement with the at-fault driver's insurer. (*Id.* at ¶¶ 1, 2.) However, Mr. Waitkus has not entered an appearance in this matter, and the Response does not explain the relevant circumstances or elaborate on why Mr. Waitkus's medical condition prevented Plaintiff from timely filing her claim. Moreover, the assertion that Mr. Waitkus "became very ill with Covid" shortly after July 30, 2020, with no context or further exposition, falls woefully short of establishing extraordinary circumstances or diligent efforts that would justify equitable tolling. The Court could deny equitable tolling on these grounds alone.

But if Mr. Waitkus's affidavit is considered further, the daisy chain of vague excuses does not end there. Mr. Waitkus states that he asked Jonathan S. Willet—the attorney who has

entered an appearance in this case—to assist him with the case in December 2020.  (*Id.* at ¶ 12.) According to the affidavit, Mr. Willet subsequently contracted Covid, and Mr. Waitkus contracted it again.  (*Id.* at ¶ 13.)  But these allegations also fail to show that Plaintiff made diligent efforts to meet, or even become aware of, the July 2021 deadline applicable to Plaintiff's contract claim.  Accordingly, Defendant is entitled to dismissal of this claim.

### B.   Bad Faith and Unreasonable Delay Claims

Defendant next contends it is entitled to summary judgment on Plaintiff's bad faith and unreasonable delay claims.  Pursuant to Colo. Rev. Stat. § 13-80-102(1)(a), these claims are subject to the two-year statute of limitations on tort actions in Colorado.  A cause of action for a bad faith or unreasonable delay claim "accrue[s] on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(1).  According to Defendant, these claims accrued either on July 3, 2019, when Plaintiff sent Defendant a letter demanding UIM benefits that were never paid, or on November 4, 2019, when Defendant informed Plaintiff's counsel that it had concluded no additional benefits were due.

Although Plaintiff takes issue with each of these accrual dates, the Court need only consider the November 4 date for purposes of this Motion.  The Court finds Plaintiff has failed to adduce evidence of a genuine issue of material fact that her claim was not denied by that date, if not sooner.  Plaintiff's June 18, 2020, demand letter states that after Plaintiff's previous demand letter on July 19, 2019, Defendant "declined to make any offer of settlement . . . in effect denying [Plaintiffs'] right to receive compensation pursuant to her UIM coverage."  (ECF

No. 22-6 at 1.)  The June 18 letter goes on to state that Plaintiff "disagree[s] with [Defendant's] denial of [her] UIM coverage."  (*Id.*)

These statements, considered in context, indicate that Plaintiff understood her claim was had been denied as of June 18, 2020.  But Plaintiff has identified no other communications between her and Defendant from November 4, 2019, through June 18, 2020; therefore, on the current record, there is no other evidence to support her contention that her claim had not accrued as of November 4.  Under these circumstances, the Court finds Plaintiff knew or should have known both her injury and its cause as of November 4, 2019, and the two-year statute of limitations expired before she filed her lawsuit.

Finally, Plaintiff also argues she is entitled to equitable tolling on these claims.  But evidence that she agreed to provide, and Defendant agreed to consider, additional evidence related to her claim, without more, is insufficient to merit equitable tolling.  "Good faith discussions about resolving the claim do not rise to th[e] level" of "stringing along the insured." *Wilkins*, 603 F. Supp. 3d at 1028 (quotation omitted).  Again, Plaintiff has not suggested that Defendant misled Plaintiff such that it prevented her from filing a timely claim, and, even if Defendant requested the additional information that Plaintiff believes she agreed to provide, "Defendant can hardly be faulted for requesting information to evaluate Plaintiff's claim." *Id.* at 1029.  Afterall, an insurer has a duty to reasonably investigate claims. *Id.* at 1028.

To the extent Plaintiff contends Defendant was required to "officially deny" her claim before her causes of action accrued, she fails to site any authority to support it.  And in this context, the Court sees no principled distinction between an insurer that "officially denies" a claim as opposed to one that rejects a claim based on the information submitted so far while

agreeing to consider, or even requesting, additional information that may be submitted later. Again, on the current record, there is no evidence that Plaintiff did not believe her claim had been rejected as of November 4, 2019, and no extraordinary circumstances warranting equitable tolling have been shown. Therefore, no genuine issues of material fact preclude dismissal of these claims on statute of limitations grounds.

## IV.   CONCLUSION

Accordingly, the Court GRANTS the Motion for Summary Judgment (ECF No. 21), and the Clerk is directed to CLOSE this case.

DATED this 3rd day of February, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge